**UNITED STATES of America**

v.

Mariano SANCHEZ, a/k/a "The Boss", Miguel Rodriguez, a/k/a "Michael Rodriguez", Elsa Sanchez, a/k/a "Cuca", Luis Robles, a/k/a "Papo", Jose Rivera, a/k/a "Fury", Edward Giusti, a/k/a "Colorao", a/k/a "Big Red", William Giusti, a/k/a "Colorao Chiquito", a/k/a "Little Red", Hector Torres, Maurice Fane, a/k/a "Moe", Raymond Aponte, a/k/a "Ray", Benjamin Grant, a/k/a "Ben", Carmen Fred, a/k/a "Milagros" and Carlos Laureano.

**Crim. No. B–87–35 (TFGD).**

United States District Court,
D. Connecticut.

Dec. 1, 1987.

**446**

Linda Lager, Denis King, Asst. U.S. Attys., and Stanley Twardy, Jr., U.S. Atty., Bridgeport, Conn., for U.S.

Richard T. Meehan, Jr. and James J. Ruane, Meehan and Meehan, Bridgeport, Conn., for Mariano Sanchez.

Ralph L. Palmesi, Palmesi, Kaufman, Portanova & Goldstein, P.C., Trumbull, Conn., for Miguel Rodriguez.

Thomas E. Minogue, Jr., Kleban and Samor, Southport, Conn., for Elsa Sanchez.

John R. Gulash, Jr., Bridgeport, Conn., for Luis Robles.

Alan Bleiman, Fairfield, Conn., for Jose Rivera.

William M. Bloss, Jacobs, Grudberg, Belt and Dow, P.C., New Haven, Conn., for Edward Giusti.

Howard C. Eckenrode, Milford, Conn., for William Giusti.

Frank J. Riccio, Bridgeport, Conn., for Hector Torres.

Stanley P. Atwood and Daniel B. Glass, Sherwood, Garlick, Cowell, Diviney & Atwood, Westport, Conn., for Maurice Fane.

Sarah A. Chambers, Asst. Fed. Public Defender, New Haven, Conn., for Benjamin Grant.

Howard T. Owens, Jr., Stephen F. Donahue and Elaine M. Scanlon, Owens & Schine, Bridgeport, Conn., for Raymond Aponte.

Richard Emanuel, Bridgeport, Conn., for Carmen Fred.

Warren A. Luedecker, Trumbull, Conn., for Carlos Laureano.

## PRELIMINARY RULING ON PENDING MOTION TO SUPPRESS

DALY, Chief Judge.

The defendants in the above-captioned matter have filed joint motions to suppress both tangible evidence and intercepted wire communications. The government has responded to those motions, and hearings on certain aspects of them presently are scheduled to commence on December 2, 1987. The defendants have sought, prior to the hearing, a ruling from the Court on the issues they raise in section B.3. of their motion to suppress the intercepted wire communications. Specifically, the defendants there contend that fruits of the state wiretap cannot be admitted to prove those federal crimes charged in the instant indictment that involve conspiracy or narcotics, since they are not crimes enumerated in the relevant Connecticut statutes that permit interception, CONN.GEN.STAT. § 54–41b, or disclosure of evidence derived from such interception § 54–41p(b).

■ It appears that Title III of the Omnibus Crime Control and Safe Street Act, 18 U.S.C. §§ 2510, *et seq.*, may allow states to adopt for themselves more restrictive wiretap legislation, yet it is not apparent in any particular case whether any such restrictive legislation should apply in federal court. *United States v. Sotomayor*, 592 F.2d 1219, 1224–25 & n. 11 (2d Cir.), *cert. denied*, 442 U.S. 919, 99 S.Ct. 2842, 61 L.Ed.2d 286 (1979); *See also United States v. Manfredi*, 488 F.2d 588, 592 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974). In determining whether to admit evidence from a wiretap obtained by a state officer pursuant to a state court authorization, the general rule in this Circuit is that a more restrictive state requirement is applicable in a federal prosecution only insofar as that requirement may impact upon "the conditions for

the issuance and execution of an eavesdropping warrant." *Sotomayor,* 592 F.2d at 1225 n. 13. Those "conditions" are distinguished from "post-interception evidentiary procedures such as sealing" to which federal standards shall apply. *Id.* On the present record, the defendants have not put forth a sustainable attack on the issuance or execution of the wiretap application. Furthermore, the Court is satisfied that the evidence obtained from the state wiretap properly has been brought within the jurisdiction of this federal court. 18 U.S.C. § 2517(5); *see United States v. Marion,* 535 F.2d 697, 703 (2d Cir.1976) (prior judicial approval required for disclosure of intercepted wire communications other than those specified in the original authorization order).

■ It is defendants' claim that the "authorized objective" of the wiretap was only evidence of sales of narcotics as contemplated by CONN.GEN.STAT. § 21a-277. Thus, they argue, once a communication regarding the sale of narcotics was intercepted, the monitoring agent was obligated to shut down the wire and forebear any further interception of a communication whether it happens to be more evidence of the sale of narcotics, which later develops into evidence that might be probative of federal conspiracy or other narcotics violations. The argument belies logic and, on the present record, is not persuasive.

The defendants urge the Court to adopt an overly simplistic and somewhat ambiguous interpretation of the authorized objective of the wiretap order. The Court is more persuaded by the government's contention that the authorization encompassed communications that would allow law enforcement authorities to identify sources of customers and to provide probable cause for the issuance of warrants. Whether that objective was adhered to will turn on an "objective assessment of the [monitoring agent's] actions in light of the facts and circumstances confronting him at the time." *Scott v. United States,* 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). The minimization standard in Connecticut is not inconsistent with the federal standard. *State v. Thompson,* 191 Conn. 360, 464 A.2d 799 (1983) (applying

*Scott* and its progeny), *cert. denied,* 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 231 (1984).

The defendants have failed to demonstrate in this case and, as a practical matter, the Court is not aware of any case, in which a reasonably prudent monitoring agent could, at the time a communication is intercepted, make the distinction between communications probative only of crimes under state narcotics trafficking law, as distinct from that which might also be probative of federal conspiracy and narcotics trafficking charges. Thus, insofar as minimization would require a monitoring agent to make such a distinction, the defendants have not offered a persuasive argument that the applicable standards for assessing proper minimization have not been met in this case. *See Scott,* 436 U.S. at 138, 98 S.Ct. at 1723; *Thompson,* 191 Conn. 360, 464 A.2d 799.

The defendants also urge the Court to apply the rule of *State v. Curcio,* No. PCR2-19726, slip op., (Super.Ct. Jan. 11, 1980), which may be read as precluding, in a state prosecution, use of wiretap evidence for the purpose of prosecuting the offense of conspiracy under state statutes. The rationale of *Curcio* is premised on CONN. GEN.STAT. § 54-41p(b), which permits disclosure in a criminal proceeding of a wire communication only "insofar as it relates to the crimes set forth in section 54-41b." *Id.; Curcio,* slip op. at 11. Conspiracy is not one of the crimes enumerated in § 54-41b, thus, *Curcio* held that the state could not use wiretap evidence in state court to prove conspiracy. *Id.* Assuming arguendo that *Curcio* is an accurate statement of the law of Connecticut, the argument still cannot prevail in this Court.

Putatively, *Curcio* is a statement of Connecticut legislative intent as it may pertain to the use of intercepted wire communications for the prosecution of conspiracy in state court. *Curcio,* slip op. at 12. To foster that intent, *Curcio* precludes the admissibility of intercepted communications in state conspiracy prosecutions. *Id.* at 15. *Curcio* sets forth a rule regarding the issuance of a wiretap authorization, and the disclosure and admissibility of intercepted wire communications; it does not speak to

the conduct of a monitoring agent at the time a communication is intercepted. Given the propriety of both this Court's jurisdiction, and the instant wiretap authorization, any issue regarding the admissibility of evidence shall be governed by federal standards. *Sotomayor*, 592 F.2d at 1225; *United States v. Pforzheimer*, 826 F.2d 200, 203 (2d Cir.1987) (federal exclusionary rule applied in federal prosecution where seizure conducted by state law enforcement officers); *see Elkins v. United States*, 364 U.S. 206, 224, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960) (federal law governs federal prosecutions in federal court). The *Curcio* rule is not applicable in this proceeding.

Accordingly, on the present record, insofar as the defendants' present applications seek suppression of any communication solely because it might contain or be probative of violations of federal narcotics or conspiracy laws, they are DENIED without prejudice.

It is SO ORDERED.